*McClane vs Fitch, &c.*

---

# McClane *vs* Fitch and Chambers, &c.

## APPEAL FROM THE JEFFERSON CIRCUIT.

### Bills of exchange. Notaries public. Notice.

JUDGE MARSHALL delivered the opinion of the Court.

THIS was an action, by petition and summons, by McClane as endorsee and holder of a protested bill of exchange against the acceptor and other parties. And the Court having instructed the jury to find as in case of a nonsuit, the only questions to be considered are: 1st. Whether there was a proper presentation and protest of the bill; and, 2d. Whether there was sufficient evidence of diligence in giving notice of non-payment and protest to authorize a recovery against Fitch and Chambers, the suit having been abated as to the other defendants.

PET. & SUM.

Case 115.

June 15.

Case stated.

McClane
*vs*
Fitch, &c.

Where a bill of exchange is made payable at a particular house, and accepted generally, a demand at that house is sufficient without further inquiry for the acceptor.

I. The bill, being on its face made payable at a particular house in New Orleans, and having been accepted generally, its presentation, on the day of payment, at the house designated, must, with the answer that no funds had been deposited there to pay the bill, be deemed sufficient without further inquiry for the acceptor, and especially in the absence of all proof going to show that such inquiry would have been available to any purpose. And whatever might be our own notions as to the propriety of the bill being presented only by the clerk of the Notary and not by the Notary himself, and of the Notary's thereupon making and authenticating a protest with the usual statement of presentation, as having been made by himself, we are of opinion that as the Notary's mode of action in this respect is directed, not by the laws of this state but by the local law under which he acts, so its propriety and effect should also be determined by that local law which is itself a matter to be proved by evidence, written or parol, according to the character or nature of the law in question.

If the law of the place where a bill of exchange is payable, sanction the practice of a demand by the clerk of the Notary Public & the making out and signing the protest by the Notary himself, it will be regarded as a valid protest in Ky.

There being then a strong and uncontradicted body of evidence going to show that the course pursued by the Notary in this case was in conformity with well established custom and usage among the Notaries of New Orleans, and the propriety of which had been sanctioned by judicial as well as by professional opinions of legal men; it seems to us that the Court could not rightfully decide that such was not the law of the subject in Louisiana, or in the city of New Orleans, nor disregard the acts of the Notary if such was the local law. The instruction cannot, therefore, according to our view of the subject be sustained upon these grounds.

If a bill be protested on the day it falls due, and notice placed in the post-office on the same day, directed to the parties by whom the bill was transmitted for collection, and by the first mail also to the other parties to the bill, it is sufficient.

II. Nor do we perceive any failure of diligence in giving notice of the protest and non-payment of the bill, whereby Fitch and Chambers, who were the first indorsees of the bill, are discharged from liability. On the 4th day of January, when the bill was payable, it was presented for payment, and on the same day the protest was made out and notices for the different parties put in the mail by the Notary, properly directed to the party by whom the bill had been transmitted to New Orleans. By

the first mail after the arrival of that package, the notice to Fitch and Chambers was transmitted to them at Louisville, and the notices to the other parties were also properly transmitted.

But as the letter, with the notices from New Orleans, did not reach its destination in Indiana, until after a delay of two months longer than should have occurred, we think it would have been inexcusable laches for the party then to have awaited its arrival, without any inquiry in relation to the bill. It was his duty and it was all he could be expected to do to seek information in the usual way, by letter, as soon as a reasonable time had elapsed for the reception of the letter, giving an account of the payment or non-payment of the bill, making allowance for the ordinary delays and casualties of the season. And this seems to have been done by a letter written on the 5th of February, the answer to which, communicating the fact of the non-payment and protest of the bill, was received on the 7th of March, and a letter communicating the same fact to Fitch and Chambers was sent to them by the first mail afterwards, and actually reached them as soon as it could have reached them by mail after it had been received. On this branch of the case we need only say that the proof makes out, *prima facie*, a case of reasonable diligence, which should have prevented the instruction, so far as it may have been founded on a supposed want of diligence.

Wherefore the judgment is reversed and the cause remanded for a new trial, in conformity with this opinion.

*Fry & Page* for appellant: *Guthrie* for appellees.

Where the payee or holder of a bill transmits it for collection & fails, in reasonable time, to receive notice of its payment or dishonor, it is his duty to write for information of its fate, and in reasonable time after information of its non-payment to notify those interested.